# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:

Dennis E. Hecker,

    Debtor.

_____

Randall L. Seaver, Trustee,

    Plaintiff,

vs.

Northstate Financial Corporation,
Rosedale Leasing, LLC, and Bremer Bank, N.A.,

    Defendants.

_____

BKY No. 09-50779

ADV No. 09-_____

**COMPLAINT**

      Randall L. Seaver, Trustee ("**Trustee**") of the Bankruptcy Estate of Dennis E. Hecker as and for his Complaint against Defendants Northstate Financial Corporation, Rosedale Leasing, LLC, and Bremer Bank N.A., states and alleges as follows:

      1.     The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

      2.     The Debtor, Dennis E. Hecker, filed his voluntary Chapter 7 bankruptcy petition on June 4, 2009 (**"Petition Date"**).

      3.     This Complaint is brought under Bankruptcy Rule 7001, and this action arises under 11 U.S.C. §§544, 547, 548, 549 and 550, Minn. Stat. §§513.44 and 513.45, and other applicable federal and state law.

      4.     This Court has jurisdiction over this adversary proceeding, and this adversary proceeding is authorized under 28 U.S.C. §§157 and 1334, Bankruptcy Rule 7001, and Local Rule 1070-1.

5. On information and belief and according to Hecker's bankruptcy schedules, Defendant Northstate Financial Corporation ("**Northstate**") is a Minnesota corporation 100% owned and controlled by Dennis E. Hecker ("**Hecker**").

6. Northstate is an insider affiliate of Hecker under 11 U.S.C. §101(31)(A)(iv).

7. On information and belief, Defendant Bremer Bank, N.A. ("**Bremer**") is a national banking association with an office at 633 South Concord Street, South St. Paul, MN 55075.

8. On information and belief, Defendant Rosedale Leasing, LLC ("**Rosedale Leasing**") is a Minnesota limited liability corporation owned and controlled by Hecker.

9. Rosedale Leasing is an insider affiliate of Hecker under 11 U.S.C. §101(31)(A)(iv).

10. A 2007 Cobalt 222 boat (the **"Cobalt Boat"**) and a Yacht Club boat trailer with a VIN of 4H100262270417084 were purchased on or about July 27, 2007 from Nisswa Marine, Inc. for approximately $62,049.25. A copy of the Bill of Sale for the Cobalt Boat and trailer is attached hereto as Exhibit A.

11. The Certificate of Title to the Cobalt Boat was issued to Rosedale Leasing and Hecker. A copy of the title certificate is attached hereto as Exhibit B.

12. A 2008 Malibu Wakesetter 23 boat (the "**Malibu Boat**") and a trailer were purchased on or about June 11, 2008 from Minnesota Inboard Water Sports, Inc. for an unknown price. A copy of a Manufacturer's Statement of Origin evidencing the transfer of the Malibu Boat to Hecker and Rosedale Leasing is attached hereto as Exhibit C.

13. The Cobalt Boat and the Malibu Boat are sometimes referred to herein collectively as the **"Boats."**

14. On information and belief, Hecker and Rosedale Leasing transferred the Boats to Northstate and recorded the transfers with the Minnesota Department of Natural Resources

("**DNR**") on or about February 17, 2009. A copy of the records of the DNR documenting the transfer of the Cobalt Boat to Northstate is attached hereto as <u>Exhibit D</u>. A copy of the records of the DNR documenting the transfer of the Malibu Boat to Northstate is attached hereto as <u>Exhibit D</u>.

15. Upon information and belief, Hecker and Rosedale also transferred the trailers to Northstate.

16. Upon information and belief, Hecker maintained insurance for the Boats, listing himself as a co-insured with Northstate as an additional insured under a yacht insurance policy with AIG.

17. On information and belief, at all times relevant, Hecker has maintained possession, use and control of the Boats and their trailers.

18. In November or December 2008, Hecker purchased a 2008 Harley Davidson FXDSE2, VIN # 1HD1PS8148K977133 ("**Motorcycle**") for $23,590. Hecker paid for the Motorcycle with personal check number 5208, a copy of which is attached as <u>Exhibit E.</u>

19. Although Hecker paid for the Motorcycle with personal funds, he caused it to be titled in the name of Northstate. A copy of the Sales Agreement is attached hereto as <u>Exhibit F.</u>

20. The Motorcycle was purchased by Hecker for his personal use and not for resale or as inventory.

21. Hecker filed for Chapter 7 relief on June 4, 2009 but did not disclose the transfer of the Boats, their trailers, or the Motorcycle in para. 10 of his Statement of Financial Affairs or anywhere else nor did he claim an interest in the Boats, the trailers or the Motorcycle on his schedules.

22. Upon information and belief, on the Petition Date, Bremer may claim some interest in property of Northstate as evidenced by one or more of: (a) a UCC financing statement filed with the Minnesota Secretary of State on July 2, 1994 as Filing Number 1690557; (b) an

amendment filed on May 3, 1999 as Filing Number 2127833; (c) a Continuation Statement filed May 3, 1999 as Filing Number 2127834; (d) a Continuation Statement filed on February 27, 2004 as Filing Number 20041075140; or (e) a Continuation Statement filed June 26, 2009 as Filing Number 20091655583.

23. Upon information and belief, neither Bremer nor any other entity is identified as a secured party on the title certificates for either of the Boats, their trailers, or the Motorcycle.

24. Upon information and belief, Rosedale Leasing may claim an interest as co-owner or otherwise in the Boats, their trailers or the Motorcycles or their proceeds.

## COUNT I
## CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. §548
## AGAINST ALL DEFENDANTS

25. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

26. Hecker's transfers of his interests in the Boats, their trailers and the Motorcycle to Northstate (the "**Transfers**") were transfers to an insider for which Hecker did not receive reasonably equivalent value.

27. Hecker made the Transfers when he was insolvent, or the Transfers made him insolvent.

28. Hecker made the Transfers within two years of the Petition Date.

29. At the time of the Transfers, Hecker intended to incur, or believed that he would incur, debts beyond his ability to repay as they matured.

30. Under 11 U.S.C. §548(a)(1)(B), the Trustee is entitled to avoid the Transfers and to recover from Northstate the Boats, their trailers and the Motorcycle or their value, together with prejudgment interest under 11 U.S.C. §550.

## COUNT II
## INTENTIONAL FRAUDULENT TRANSFER UNDER 11 U.S.C. §548
## AGAINST ALL DEFENDANTS

31. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

32. The Transfers to Northstate, an insider affiliate of Hecker, were transfers of valuable unencumbered assets, when Hecker was insolvent, which allowed him to retain all benefits of ownership, possession and use of the Boats, their trailers and the Motorcycle.

33. Hecker made the Transfers with the actual intent to hinder, delay or defraud creditors.

34. Under 11 U.S.C. §548(a)(1)(A), the Trustee is entitled to avoid the Transfers and to recover from Northstate the Boats, their trailers and the Motorcycle or their value, together with prejudgment interest under 11 U.S.C. §550.

## COUNT III
## FRAUDULENT TRANSFER
## MINN. STAT. §§513.44 AND 513.45
## AGAINST ALL DEFENDANTS

35. The Trustee restates and realleges the foregoing paragraphs of this Complaint.

36. Hecker made the Transfers to Northstate, an insider affiliate, without receiving reasonably equivalent value in exchange for the Transfers, at a time when Hecker was engaged in or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to his business, or at a time when Hecker intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

37. The Transfers were made at a time when Hecker had unpaid creditors some of

whom remained unpaid on the Petition Date, without Hecker receiving reasonably equivalent value, and while Hecker was insolvent or Hecker became insolvent as a result of the Transfers.

38. On information and belief, the Transfers and the recordation of the documents purportedly perfecting the Transfers may have been transfers made on account of an antecedent debt when Hecker was insolvent.

39. Under Minn. Stat. §§513.44 and 513.45, made applicable to this proceeding by 11 U.S.C. §544 and under 11 U.S.C. §550, the Trustee is entitled to recover the Boats and the Motorcycle, or their value, from Northstate.

**COUNT IV**
**AVOIDANCE OF RECORDING OF TRANSFERS AS INSIDER PREFERENCES**
**UNDER 11 U.S.C. §547(b)**
**AGAINST ALL DEFENDANTS**

40. The Trustee realleges and incorporates the foregoing paragraphs of this Complaint.

41. The Transfers of the Boats and the Motorcycle to Northstate were not purportedly perfected until the transfer documents were recorded with the Minnesota Department of Natural Resources for the Boats and the Minnesota Department of Public Safety for the trailers and the Motorcycle.

42. Hecker's Transfers of the Boats, their trailers and the Motorcycle, and the recording of documents purportedly perfecting the Transfers, were, on information and belief, transfers of the Debtor's property on account of antecedent debt, within one year before the Petition Date.

43. The Trustee can avoid the Transfers and the purported perfection of the Transfers under 11 U.S.C. §547(b), with the Transfers automatically preserved for the bankruptcy estate under 11 U.S.C. §551.

44. The Trustee can recover the Boats and the Motorcycle, or their value from Northstate under 11 U.S.C. §550.

**COUNT V**
**DETERMINATION OF VALIDITY, PRIORITY AND EXTENT OF**
**LIEN OR OTHER INTEREST IN PROPERTY**
**BANKRUPTCY RULE 7001(2)**
**AGAINST DEFENDANT BREMER AND ROSEDALE LEASING**

45. The Trustee realleges and incorporates the foregoing paragraphs of this Complaint.

46. Any pre-petition security interest in property of Northstate claimed by Bremer did not attach to the Boats, their trailers or the Motorcycle upon the purported Transfers of the Boats and Motorcycle to Northstate.

47. The Trustee is entitled to a determination that Bremer has no lien or other interest in the Boats or the Motorcycle.

48. The Trustee is also entitled to a determination of what, if any, interest Rosedale Leasing may have in the Boats, their trailers or the Motorcycle.

**COUNT VI**
**AVOIDANCE OF UNPERFECTED TRANSFER**
**11 U.S.C. § 544**
**AGAINST DEFENDANT BREMER**

49. The Trustee realleges and incorporates the foregoing paragraphs of this Complaint.

50. To the extent that any pre-petition security interest held by Bremer in property of Northstate attached to either of the Boats or the Motorcycle, the Trustee can avoid the attachment of any such security interest under 11 U.S.C. § 544 because the security interest was not perfected by entry on the title certificates.

51. Any such avoided security interest is automatically preserved for the bankruptcy estate under 11 U.S.C. §551, and the Trustee may also recover the value of avoided security interest from Bremer under 11 U.S.C. §550.

## COUNT VII
## INJUNCTIVE RELIEF AGAINST DEFENDANTS
## NORTHSTATE AND BREMER
## BANKRUPTCY RULE 7001(7) AND TURNOVER
## 11 U.S.C. § 542

52. The Trustee realleges and incorporates the foregoing paragraphs of this Complaint.

53. The use, transfer, moving (except into appropriate storage with the knowledge and consent of the Trustee) or further encumbering of the Boats, their trailers or the Motorcycle by Northstate would cause irreparable harm to the estate as Northstate is insolvent. Moreover, such use, transfer, moving or encumbering is a violation of the automatic stay.

54. The exercise of any purported creditors' remedies claimed by Bremer against the Boats or the Motorcycle would similarly cause irreparable harm to the estate and would be a violation of the automatic stay.

55. The Trustee has no adequate remedy at law.

56. The Trustee is entitled to a preliminary injunction prohibiting Northstate from using, transferring, moving (except into appropriate storage with the knowledge and consent of the Trustee) or further encumbering the Boats or the Motorcycle pending trial on the merits.

57. The Trustee is also entitled to a preliminary injunction prohibiting Bremer from exercising any purported creditors' remedies claimed by Bremer against the Boats or the Motorcycle pending trial on the merits.

58. In addition the Trustee is entitled to immediate turnover of the Boats, their trailers and the Motorcycle.

**COUNT VIII**
**AUTHORITY TO SELL FREE AND CLEAR OF**
**THE INTERESTS OF A CO-OWNER**
**11 U.S.C. § 363(f) and (h) AGAINST**
**ROSEDALE LEASING**

59. The Trustee realleges and incorporates the foregoing paragraphs of this Complaint.

60. To the extent that the Court determines that Rosedale Leasing has an interest in the Boats, their trailers or the Motorcycle as co-owner or otherwise, the Trustee seeks authority to sell the Boats, their trailers or the Motorcycle free and clear of such interests.

**WHEREFORE**, the Trustee requests a Judgment of the Court:

1. On Count I, against all Defendants, avoiding Hecker's transfers of his interests in the Boats, their trailers and the Motorcycle to Northstate as a constructive fraudulent transfer under 11 U.S.C. §548(a)(1)(B);

2. On Count II, against all Defendants, avoiding Hecker's transfers of his interests in the Boats, their trailers and the Motorcycle to Northstate as an intentional fraudulent transfer

under 11 U.S.C. §548(a)(1)(A);

3. On Count III, against all Defendants, avoiding Hecker's transfers of his interests in the Boats, their trailers and the Motorcycle to Northstate under Minn. Stat. §§513.44 and 513.45 and 11 U.S.C. §544(a);

4. On Count IV, against all Defendants, avoiding Hecker's transfers of his interests in the Boats, their trailers and the Motorcycle to Northstate as an insider preference under 11 U.S.C. §547(b);

5. On Count V, against Defendant Bremer, determining that Bremer has no lien or other interest in the Boats, their trailers or the Motorcycle and against Defendant Rosedale Leasing, determining that Rosedale Leasing has no interest in the Boats, their trailers or the Motorcycle;

6. On Count VI, against Defendant Bremer, to the extent that any security interest held by Bremer in property of Northstate attached to the Boats, their trailers or the Motorcycle, avoiding the attachment of any such security interest because the security interest was not perfected by entry on the title certificate of the Boats, their trailers or the Motorcycle under 11 U.S.C. § 544;

7. On Count VII against Defendant Northstate for a preliminary injunction prohibiting Northstate from using, transferring, moving (except into appropriate storage with the knowledge and consent of the Trustee) or further encumbering the Boats or the Motorcycle pending trial on the merits and for turnover; and also on Count VIII against Defendant Bremer prohibiting Bremer from exercising any purported creditors' remedies claimed by Bremer against the Boats or the Motorcycle pending trial on the merits;

8. On Count VIII, for authority to sell the Boats, their trailers and the Motorcycle free and clear of any interests, including interests as a co-owner, of Rosedale Leasing;

9. Preserving all avoided transfers for the benefit of the Estate under 11 U.S.C. §551;

10. For a money judgment against Northstate and/or Bremer for the value of the avoided transfers under 11 U.S.C. § 550;

11. Awarding Randall L. Seaver, Trustee, his costs, disbursements and attorneys' fees as allowed by law; and

12. For such other and further relief as the Court deems just and equitable.

Dated: August 12, 2009

          LAPP, LIBRA, THOMSON, STOEBNER & PUSCH, CHARTERED

By: /e/ Ralph V. Mitchell
    Ralph V. Mitchell (#184639)
    Tyler D. Candee (#0386598)
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN 55402
T (612) 338-5815
F (612) 338-6651
TCandee@lapplibra.com
RMitchell@lapplibra.com

**ATTORNEYS FOR PLAINTIFF**